UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS LITTLE and JARED GORHAM, on behalf of themselves and all others similarly situated, | : : : : | CASE NO. |
| Plaintiffs, | : : | JUDGE: |
| v. | : : | |
| JUSTIN STURGILL TRUCKING, LLC | : : : | |
| and | : : : | PLAINTIFFS' COMPLAINT |
| JUSTIN STURGILL, | : : : | |
| and | : : : | |
| DUE RAGAZZI, LLC, | : : : | |
| and | : : : | |
| BRITTANY STURGILL, | : : : | |
| Defendants. | : | |

COMES NOW Plaintiffs Nicholas Little and Jared Gorham ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned legal counsel, and for their Complaint against Defendants Justin Sturgill Trucking, LLC ("Sturgill Trucking"), Justin Sturgill, Due Ragazzi, LLC, and Brittany Sturgill (collectively, "Defendants") alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action and class action brough by Plaintiffs Nicholas Little and Jared Gorham, on behalf of themselves and all others similarly situated, to recover minimum

1

wages and other wage payments from their current/former employers, Defendants Sturgill Trucking, Due Ragazzi, Justin Sturgill, and Brittany Sturgill.

2. Defendants have employed numerous truck drivers who have not been paid the minimum wage for all hours worked, and have further not been paid all wages owed to them.

3. Defendants continue to employ numerous employees who are not paid the minimum wage for all hours worked, and are further not being paid all wages owed to them.

4. Plaintiffs bring this action (1) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and (2) on behalf of themselves and a Rule 23, Federal Rules of Civil Procedure, class of others pursuant to Article II, §34a, Ohio Constitution, and Ohio Rev. Code § 4113.15.

**PARTIES**

5. Plaintiff Little is a resident of Ohio and is a resident of this judicial district. He is a former employee of Defendants.

6. Plaintiff Gorham is a resident of Ohio and is a resident of this judicial district. He is a current employee of Defendants.

7. Defendant Sturgill Trucking is a Domestic, For-Profit Limited Liability Company in Ohio.

8. Defendant Sturgill Trucking's principal place of business is located in this judicial district.

9. Defendant Justin Sturgill is the owner and registered agent of Defendant Sturgill Trucking.

10. Defendant Due Ragazzi, LLC is a Domestic, For-Profit Limited Liability Company in Ohio.

11. Defendant Due Ragazzi, LLC's principal place of business is located in this judicial district.

12. Defendant Brittany Sturgill is the owner and registered agent of Defendant Due Ragazzi.

13. Defendants subjected Plaintiffs and the other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over Plaintiffs' Complaint because their claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

15. The Court has supplemental jurisdiction over Plaintiffs' state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with their federal claims.

16. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendant is otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

17. Defendants are "Employers" within the meaning of the FLSA.

18. Defendant Sturgill Trucking is a trucking company that transports materials interstate.

19. Defendant Sturgill Trucking maintains a facility in Cincinnati, Ohio.

20. Defendant Due Ragazzi is a trucking company that transports materials interstate.

21. Upon information and belief, Defendant Due Ragazzi utilizes the same facilities as Defendant Sturgill Trucking, utilizes Defendant Sturgill Trucking's employees to operate its own fleet of trucks, and compensates these drivers through Sturgill Trucking.

22. Upon information and belief, Defendants Due Ragazzi and Sturgill Trucking engage in related activities, such as performing work for the same customers and utilizing the same headquarters; operate as a unified operation in the performance of these common activities; are controlled by the same individuals, namely Defendants Justin and Brittany Sturgill; and exist to further each other's respective reach and participation in the trucking industry.

23. Upon information and belief, Defendants Due Ragazzi and Sturgill Trucking are joint employers of Plaintiffs and the class/collective, or are a single enterprise under the FLSA.

24. Plaintiffs are or were Dump Truck Drivers for Defendants.

25. Plaintiffs regularly worked between 35 and 65 hours per week

26. As part of their job duties, Plaintiffs were required to transport materials interstate to locations dictated by Defendants.

27. Defendants agreed to pay Plaintiffs on a commission basis equal to 26% of the load.

28. During Plaintiff's employment, Defendants provided Plaintiffs with a dump truck to complete the designated routes for Defendants.

29. Defendants have failed to fully compensate Plaintiffs for the work they performed during their employment.

30. Upon information and belief, Defendants Justin and Brittany Sturgill are responsible for the pay practices complained of herein.

31. Defendants were aware, or should have been aware, that Plaintiffs and the putative collective members were entitled to payment for all hours worked.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

33. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals for the recovery of unpaid minimum wages and liquidated damages. The proposed FLSA collective is defined as follows:

> All persons who worked for Defendants and were not paid the minimum wage for work performed after March 7, 2022. ("FLSA Collective").

34. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). The opt-in form is attached hereto.

35. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

36. During the applicable statutory period, Plaintiffs and the putative FLSA Collective members often worked without receiving minimum wage for their hours worked.

37. Even if Defendants were to pay Plaintiffs and the FLSA Collective's wages after the pay date, such action still constitutes a violation of the FLSA. See e.g., *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580 (6th Cir. 2002); *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

38. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to timely pay their employees minimum wage when they were

5

fully aware these employees were working. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## OHIO CLASS ACTION ALLEGATIONS

40. Plaintiffs incorporate by reference the preceding paragraphs as if fully alleged herein.

41. Plaintiffs (the "Ohio Class Representatives") bring this action under Article II, Section 34a of the Ohio Constitution, and Ohio Rev. Code § 4113.15 as a class actions pursuant to Rule 23, Federal Rules of Civil Procedure on behalf of the following defined classes:

    All persons who worked for Defendants in the state of Ohio and were not paid the minimum wage for work performed after March 7, 2022. ("Ohio Section 34a Class").

    And

    All persons who worked for Defendants in the state of Ohio and were not paid all wages due to them on the regularly scheduled payday. ("Ohio 4113.15 Class") (collectively, the "Ohio Classes"

42. Numerosity: Upon information and belief, the proposed Ohio Classes are so numerous that joinder of all members is impracticable. The Ohio Class Representatives are informed and believe, and on that basis allege, that during the applicable statutory

period, Defendants employed over 50 people who satisfy the definition of the proposed Ohio Class.

43. Typicality: The Ohio Class Representatives' claims are typical of the members of the Ohio Classes. The Ohio Classes worked hours similar to the Ohio Class Representatives, and both the Ohio Class Representative and the Ohio Classes were subject to Defendants' policies and practices of failing to pay appropriate and timely minimum wage compensation.

44. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the Defendants.

45. Adequacy: The Ohio Class Representatives will fairly and adequately protect the interests of the Ohio Classes and have retained counsel experienced in wage and hour class and collective action litigation.

46. Commonality: Common questions of law and fact exist to all members of the Ohio Classes and predominate over any questions solely affecting individual members of the Classes, including but not limited to:

   i. Whether Defendants unlawfully failed to pay timely and appropriate minimum wage compensation to the Ohio Class Representative and the members of the Ohio Classes in violation Ohio wage and hour laws;

   ii. Whether Defendants' actions were willful; and

   iii. The proper measure of damages sustained by the Ohio Class Representative and the Ohio Class.

47. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

48. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Classes predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Classes the timely and appropriate minimum wage compensation to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

49. Plaintiff intends to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendants.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act
### (As to All Defendants)

50. Plaintiffs and the FLSA Collective incorporate by reference the allegations in the preceding paragraphs as if fully restated herein and further allege that Defendants

violated the FLSA, 29 U.S.C. § 206(a) by failing and refusing to compensate Plaintiffs and the FLSA collective at the required minimum wage.

51. 29 U.S.C. § 206(a) requires employers to pay each employee the federal minimum wage.

52. Defendants are "employers" within the meaning of the FLSA.

53. Plaintiff is an "employee" within the meaning of the FLSA.

54. Defendants have failed to remit the federal minimum wage to Plaintiff for hours worked during the pay period described above.

55. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

**Count II: Violation of Section 34a, Article II, Ohio Constitution**
**(As to All Defendants)**

56. Plaintiffs and the Ohio Section 34a Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

57. Section 34a, Article II of the Ohio Constitution requires employers to pay employees at the minimum wage established therein.

58. Defendants violated Section 34a, Article II of the Ohio Constitution by repeatedly failing to pay the applicable minimum wage to their employees.

59. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Ohio Collective have suffered a loss of income.

60. The foregoing conduct, as alleged, constitutes a willful violation of Ohio law. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

61. As a direct and proximate result of Defendants' unlawful conduct, the Ohio Section 34a Class Representatives and the Ohio Section 34a Class have suffered a loss of income, liquidated damages, and attorneys' fees and costs.

### Count III: Violation of Ohio Revised Code § 4113.15(B)
### (As to Defendants Sturgill Trucking and Due Ragazzi)

62. Plaintiffs and the Ohio 4113.15 Class restate and incorporate by reference the above paragraphs as if fully set forth herein, and further allege that Defendants Sturgill Trucking and Due Ragazzi violated Ohio Rev. Code § 4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiffs and the Ohio Collective II in a timely fashion and/or in full for their full amount of wages owed.

63. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

64. Defendant Sturgill Trucking has failed and refused to fully compensate Plaintiff for the work he performed for Defendant Sturgill Trucking.

65. As a direct and proximate result of Defendant Sturgill Trucking and Due Ragazzi's unlawful action, the Ohio 4113.15 Class Representatives and the Ohio 4113.15 Class have suffered, and continue to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand judgment against Defendants as follows:

1. Judgment that Plaintiff is an employee entitled to protection under the FLSA and Ohio State law;

2. Judgment against Defendants for violation of the minimum wage provisions of the FLSA and Ohio state law;

3. Judgment that the Defendants' violations of the FLSA were willful;

4. Judgment against Defendants Sturgill Trucking and Due Ragazzi for violation of the ORC § 4113.15;

5. An award to Plaintiff for the amount of unpaid wages owed, and liquidated damages under federal and state law;

6. An award of post-judgment interest;

7. An award of reasonable attorneys' fees and costs; and

8. For other and further relief, in equity, as this Court may deem appropriate.

/s/ *Matthew S. Okiishi*
Matthew S. Okiishi (Ohio Bar No. 0096706)
FINNEY LAW FIRM LLC
4270 Ivy Pointe Blvd., Ste 225
Cincinnati, Ohio 45245
(513) 943-6659
Fax: (513) 943-6669
matt@finneylawfirm.com

*Counsel for Plaintiffs*